# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ROBERT MATLOCK, # 245818,

        Petitioner,        CASE NO. 10-cv-12477

v.        HONORABLE GERALD E. ROSEN

MICHIGAN DEPARTMENT
OF CORRECTIONS, et.al.,

        Respondent(s).
_____/

**OPINION AND ORDER
SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND AN
APPLICATION FOR LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS***

Robert Matlock, ("Petitioner"), currently confined at the G. Robert Correctional Facility in Jackson, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his *pro se* application, Petitioner challenges his 1995 conviction for second-degree murder, Mich. Comp. L. § 750.317, for which he was sentenced to fifty to eighty years in prison. He alleges that there were radical defects in the complaint and that the lower courts did not have jurisdictional authority to prosecute him. For the reasons stated below, the Court will summarily dismiss the petition. The Court will also decline to issue Petitioner a certificate of appealability and an application for leave to proceed on appeal *in forma pauperis*.

I.

"A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed." *Perez v. Hemingway*, 157 F.Supp.2d 790, 796 (E.D. Mich. 2001) (citing *Marmol v. Dubois*, 855 F.Supp. 444, 446 (D. Mass. 1994)). "Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face."

*Id.* (citing *McFarland v. Scott*, 512 U.S. 849, 856 (1994)); *see also Hamby-Bey v. Bergh*, No. 08-CV-13284, 2008 WL 3286227, at *1 (E.D. Mich. Aug. 7, 2008) (finding the petitioner's jurisdictional claims lacked merit because they were frivolous); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. The Sixth Circuit, in fact, long ago indicated that they "disapprove the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." *Allen v. Perini*, 424 F.2d 134, 140 (6th Cir. 1970). A district court therefore has the duty to screen out any habeas corpus petition which lacks merit on its face. *Id.* at 141. No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Id.*

After undertaking the review required by Rule 4, this Court concludes that Petitioner's habeas claims are meritless, such that the petition must be summarily dismissed. *Robinson v. Jackson*, 366 F.Supp.2d 524, 525 (E.D. Mich. 2005); *see also Mathews v. United States*, 11 F.3d 583, 585 (6th Cir. 1993) (affirming the summary dismissal of an ineffective assistance of counsel claim raised in a § 2255 motion to vacate sentence pursuant to Rule 4, where there was no merit to the claim).

A.

As an initial matter, the Court notes that Petitioner has failed to demonstrate that he has exhausted his state court remedies as to the claims contained in his petition. A federal habeas corpus petitioner must exhaust administrative remedies before seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir. 1981); *see also Graham v. Snyder*, 68 Fed.App'x 589, 590-91 (6th Cir. June 18, 2003) (dismissing petition based on exhaustion). The

burden is on the habeas petitioner to prove exhaustion. *See*, e.g., *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir.1994) (citing *Darr v. Burford*, 339 U.S. 200, 218-19 (1950)). A Michigan prisoner must raise each issue he seeks to present in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Mohn v. Bock*, 208 F.Supp.2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990) (the petitioner must present his issues both to the Michigan Court of Appeals and to the Michigan Supreme Court). Petitioner has failed to satisfy his burden in this case.

Although it appears that Petitioner has not exhausted his habeas claims in the state courts, the Court declines to dismiss the petition on such a basis. While the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). For example, an unexhausted claim may be addressed if pursuit of a state court remedy would be futile, *see Witzke v. Withrow*, 702 F.Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *see also* 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on the merits despite the failure to exhaust state court remedies). The Court finds that the interests of justice would be best served by adjudicating Petitioner's claims as they lack merit and may be denied despite the lack of exhaustion.

B.

Petitioner asserts that he is entitled to habeas relief because the state court lacked subject-matter jurisdiction over his criminal proceedings. Petitioner claims that the state court lacked jurisdiction because his arrest and prosecution were invalid and illegal. However, the determination

3

of whether a particular state court is vested with jurisdiction under state law and is the proper venue to hear a criminal case is a "function of the state courts, not the federal judiciary." *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976); *see also Wood v. Vasbinder*, No. 04-10049, 2007 WL 907642, at *5 (E.D. Mich. Mar. 23, 2007) (citing *Wills v. Egeler*); *Chandler v. Curtis*, No. 05-CV-72608-DT, 2005 WL 1640083, at *2 (E.D. Mich. July 13, 2005) (same). It is well-settled that a perceived violation of state law may not provide a basis for federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). The Court may grant a writ of habeas corpus only on the ground that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Robinson v. Stegall*, 355 F.3d 916, 917 (6th Cir. 2004). A state court's interpretation of state jurisdictional issues conclusively establishes jurisdiction for purposes of federal habeas review. *See Strunk v. Martin*, 27 Fed.App'x 473, 475, (6th Cir. 2001). Against that backdrop, the Court concludes that Petitioner has failed to state a claim upon which federal habeas relief may be granted. His petition must therefore be dismissed.

Additionally, to the extent that Petitioner claims, that the felony complaint was defective, that claim is based on state law and is not cognizable in habeas review. See *Lane v. Booker*, No. 06-CV-10328, 2006 WL 288071, at *1 (E.D. Mich. Feb. 6, 2006). In any event, a criminal court in Michigan does not lose jurisdiction over a criminal case merely because the criminal complaint was somehow defective. See *People v. Payne*, No. 219727, 2000 WL 33400212, at * 3 (Mich.Ct.App. Nov. 28, 2000); *People v. Mayberry*, 52 Mich.App. 450, 451, 217 N.W.2d 420 (1974) (both citing *People v. Burrill*, 391 Mich. 124, 133, 214 N.W.2d 823 (1974)). Petitioner is therefore not entitled to habeas relief.

C.

The Court also declines to issue Petitioner a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court declines to issue Petitioner a certificate of appealability, because he has failed to make a substantial showing of the denial of a federal constitutional right. *Millender v. Adams*, 187 F.Supp.2d 852, 880 (E.D. Mich. 2002). Indeed, it would be a "rare case" in which a district judge issues a habeas petitioner a certificate of appealability to appeal after he or she dismisses a habeas petition without requiring an answer because it plainly appeared from the face of the petition and any exhibits annexed to it that the petitioner was not entitled to habeas relief. *See* e.g., *Myers v. Ludwick*, No. 09-CV-14610-DT, 2009 WL 4581693, at * 4 (E.D.Mich. Dec. 3, 2009). The Court will also decline to issue Petitioner an application for leave to proceed on appeal *in forma pauperis*, because the appeal would be frivolous. *Allen v. Stovall*, 156 F.Supp.2d 791, 798 (E.D. Mich. 2001).

II.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court declines to issue Petitioner a certificate of appealability and an application for leave to proceed on appeal *in forma pauperis*.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: July 9, 2010

I hereby certify that a copy of the foregoing document was served upon Robert Matlock, #245818, G. Robert Cotton Correctional Facility, 3500 N. Elm Road, Jackson, MI 49201 on July 9, 2010, by ordinary mail.

s/Ruth A. Gunther
Case Manager